People v DeAngelis (2024 NY Slip Op 02453)

People v Deangelis

2024 NY Slip Op 02453

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

312 KA 22-01651

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VINCENT C. DEANGELIS, DEFENDANT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Cayuga County (Daniel J. Doyle, J.), rendered September 20, 2022. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree, robbery in the first degree, assault in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [2]), robbery in the first degree (§ 160.15 [3]), assault in the second degree (§ 120.05 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [1]).
Even assuming, arguendo, that defendant validly waived his right to appeal, we agree with defendant that the waiver does not encompass his challenge to the severity of the enhanced sentence because County Court "failed to advise defendant of either the conduct that could result in the imposition of an enhanced sentence before defendant waived his right to appeal . . . or the potential periods of incarceration for an enhanced sentence" (People v Semple, 23 AD3d 1058, 1059 [4th Dept 2005], lv denied 6 NY3d 852 [2006] [internal quotation marks omitted]). We nevertheless conclude that the enhanced sentence is not unduly harsh or severe.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court